# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID K. SCHULT, | ) |
| Petitioner, | ) 3:15-cv-00389-HDM-VPC |
| vs. | ) **ORDER** |
| BRIAN COX, *et al.*, | ) |
| Respondents. | ) |

    This action is a *pro se* petition for a writ of habeas corpus filed by David K. Schult, a Nevada state prisoner. On August 12, 2012, the court entered an order advising petitioner that, to the extent that he seeks to challenge his state custody, he is required to complete a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2554 on the court-approved form. ECF No. 5. Petitioner has since filed such a pleading (ECF No. 6), which now comes before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

    Rule 4 requires the court to make a preliminary review of each petition for a writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th

1 Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds for relief available to the
2 petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading
3 is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.
4 Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski*, 915 F.2d at 420 (quoting *Blackledge*
5 *v. Allison*, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably
6 incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491.

7 Here, Ground Two of the petition arguably meets the habeas pleading standard. The remainder
8 of petitioner's claims, however, do not. The allegations under Ground One make vague complaints
9 about Dan Winder, who appears to have been petitioner's counsel in his state post-conviction
10 proceedings. Beyond lacking specificity, the claim is defective because, by statute, ineffectiveness of
11 counsel in collateral proceedings is not a ground for relief in a section 2254 proceeding. 28 U.S.C. §
12 2254(I). Ground Three alleges ineffective assistance of counsel, but is devoid of any factual allegations
13 describing the specific errors or omissions committed by counsel or how petitioner was prejudiced by
14 such deficiencies. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984) ("A convicted defendant
15 making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged
16 not to have been the result of reasonable professional judgment.").

17 In Ground Four, petitioner alleges a violation of the Excessive Bail Clause. The Supreme Court
18 has never squarely addressed whether the Excessive Bail Clause applies to the states through the
19 Fourteenth Amendment. *Martin v. Diguglielmo*, 644 F.Supp.2d 612, 618-19 (W.D.Pa. 2008); *Galen v.*
20 *County of Los Angeles*, 477 F.3d 652, 659 (9th Cir. 2007). But even if an excessive bail claim might
21 provide a state prisoner with a basis for habeas relief while he awaits trial, it certainly does not once he
22 has been convicted. *See Nettles v. Grounds*, 788 F.3d 992, 1001 (9th Cir. 2015) ("[R]elief is available
23 to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell
24 speedier release' from custody.").

25 In Ground Five, petitioner alleges that his constitutional rights were violated because the jury
26

pool was drawn from registered voters, which, according to him, deprived him of a jury of his peers. "The Sixth Amendment requirement of a fair cross section on the venire is a means of assuring, not a *representative* jury (which the Constitution does not demand), but an *impartial* one (which it does)." *Holland v. Illinois*, 493 U.S. 474, 480 (1990) (emphasis in original). The Supreme Court has held that, in order to establish a prima facie violation of the fair-cross section requirement, the defendant must show (1) that the allegedly excluded group is a "distinctive" group in the community; (2) that the representation of this group in jury venires is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). Petitioner complains that his jury not include a single pagan or Native American, but offers no allegations establishing how drawing potential jurors from the list of registered voters amounts to a systematic exclusion of either group in the jury-selection process.[1]

In Ground Six, petitioner makes a claim of actual innocence without identifying a particular constitutional violation. The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). However, even in a capital case (which this is not), a freestanding actual innocence claim might warrant federal habeas relief only upon an "extraordinarily high" and "truly persuasive" threshold showing. *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Petitioner's allegations in Ground Six offer no suggestion that he may be able to make such a showing. In particular, he fails to identify "new reliable evidence" that was not available at the time of his trial and proves he is actually innocent of the crimes for which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Lastly, a portion of Ground Seven raises an additional allegation of ineffective counsel but, again, fails to identify the specific errors or omissions that might give rise to habeas relief. Ground Seven also

---

[1] Ground Five also includes vague claims about Nevada using media exposure to obtain convictions and over-charging crimes, neither of which provides a discernible ground upon which he might be entitled habeas relief.

3

1  includes a diatribe about a "double standard" that is applied to pro se litigants and how petitioner's
2  counsel and the courts have not given due attention to evidence and issues he has attempted to present.
3  Petitioner does not state facts in Ground Seven that point to a real possibility of a constitutional error
4  in relation to his conviction or sentence.

5  Based on the foregoing, all the grounds in the petition except for Ground 2 shall be dismissed.
6  A petition for federal habeas corpus should include all claims for relief of which petitioner is aware.  If
7  petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal
8  habeas relief upon that claim.  *See* 28 U.S.C. §2254(b) (successive petitions).  If petitioner is aware of
9  any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by
10 means of a motion to amend his petition to add the claim(s).

11 **IT IS THEREFORE ORDERED** that Grounds One, Three, Four, Five, Six and Seven are
12 DISMISSED for failure to state a claim for which habeas relief may be granted.

13 **IT IS FURTHER ORDERED** that the Clerk of the Court shall add Adam Paul Laxalt, Attorney
14 General of the State of Nevada, as counsel for respondents.

15 **IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve upon
16 respondents a copy of the petition for writ of habeas corpus (ECF No. 6) and a copy of this order.

17 **IT IS FURTHER ORDERED** that respondents shall have 60 days from the date of entry of this
18 order to appear in this action, and to answer or otherwise respond to the petition.

19 **IT IS FURTHER ORDERED** that if respondents file an answer, petitioner shall have 60 days
20 from the date on which the answer is served on him to file and serve a reply.  If respondents file a motion
21 to dismiss, petitioner shall have 60 days from the date on which the motion is served on him to file and
22 serve a response to the motion to dismiss, and respondents shall, thereafter, have 30 days to file a reply
23 in support of the motion.

24 **IT FURTHER IS ORDERED** that any additional state court record exhibits filed herein by
25 either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits
26

by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. The hard copy of any additional state court record exhibits shall be forwarded – for this case – to the staff attorneys in **Reno**.

**IT IS FURTHER ORDERED** that petitioner's "Motion Seeking United States Justice & Jurisdiction on Writ of Habeas Corpus (Post-Conviction)" (ECF No. 3) is DENIED as moot.

Dated this 22nd day of October, 2015.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

5