UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID K. SCHULT, | ) |
| Petitioner, | ) 3:15-cv-00389-HDM-VPC |
| vs. | ) **ORDER** |
| BRIAN COX, *et al.*, | ) |
| Respondents. | ) |

On October 22, 2015, this court entered an order dismissing all of the claims in petitioner Schult's habeas petition except for Ground Two.[1] ECF No. 7. Respondents have filed a motion to dismiss Ground Two, arguing that Schult has not exhausted state court remedies for the claim. ECF No. 13.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims

---

[1] On December 21, 2015, Schult filed a document that can be construed as a motion for reconsideration of this order. ECF No. 10. Having considered it as such, this court concludes that the document does not set forth sufficient grounds to alter or amend the order. Thus, reconsideration shall be denied.

before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

In Ground Two of his petition, Schult claims that his constitutional rights were violated because the trial court admitted evidence of his confession to the police. In support of the claim, he alleges, in effect, that the confession was inadmissible because it was the product of police coercion. On direct appeal to the Nevada Supreme Court, Schult raised essentially the same claim. ECF No. 16-6, p. 12-14.[2]

Respondents argue that Ground Two is unexhausted because it includes allegations that were not presented to the state court. First, respondents note that Schult alleges in Ground Two that the waiver of his *Miranda* rights was not valid because he did not understand the rights he was waiving. While it is true that Schult did not raise this specific point in the Nevada Supreme Court, this court does not agree that his failure to do so renders Ground Two unexhausted. *See Vazquez v. Hillery*, 474 U.S. 254, 260 (1986) (holding that new factual allegations that do not fundamentally alter the legal claim presented to the state courts do not render a claim unexhausted). However, to the extent the claim was adjudicated

---

[2] References to page numbers for ECF documents are based on ECF pagination.

on the merits by the Nevada Supreme Court, this court is limited in its ability to consider evidence that is not contained in the state court record. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (federal habeas review of a state court proceeding is generally limited to the record that was before the state court). Thus, while Ground Two is exhausted, this court will likely be unable to consider any new evidence Schult may wish to present as to the validity of the waiver of his *Miranda* rights.

Next, respondents note that Schult includes an allegation in Ground Two that the State's use of a preliminary hearing, rather than a grand jury, violated his rights. This is a separate factual and legal claim that does not provide grounds for habeas relief and is plainly meritless. *See Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972) (citing *Hurtado v. California*, 110 U.S. 516, 534-35 (1884) (no due process right to a grand jury indictment before criminal prosecution in state court)). Thus, it may be denied on the merits (rather than dismissed on procedural grounds) notwithstanding Schult's failure to present it to the Nevada Supreme Court. *See* 28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir.2005).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 13) is GRANTED in part and DENIED in part. The portion of Ground Two alleging a violation of petitioner's rights arising from the State's use of a preliminary hearing instead of a grand jury is denied on the merits. Ground Two is otherwise exhausted.

**IT IS FURTHER ORDERED** that respondents shall have **45 days** from the date of entry of this order to file an answer to Ground Two. Petitioner shall thereafter have **30 days** within which to file a reply.

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration (ECF No. 10) is DENIED

Dated this 11th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE