UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID K. SCHULT,

        Petitioner,

vs.

BRIAN COX, *et al.*,

        Respondents.

3:15-cv-00389-HDM-VPC

**ORDER**

Before the court for a decision on the merits is an application for a writ of habeas corpus filed by David K. Schult, a Nevada prisoner. ECF No. 6.

I. PROCEDURAL BACKGROUND[1]

In January 2009, Schult was convicted, pursuant to jury verdicts, of sexual assault with a minor under fourteen years of age, lewdness with a child under the age of fourteen, and child abuse and neglect. He was sentenced to twenty years to life on the assault count, a concurrent term of ten years to life on the lewdness count, and a consecutive term of 96 to 240 months on the child abuse count. Schult was further sentenced to lifetime supervision and ordered to register as a sex offender.

---

[1] This history was compiled from exhibits filed at ECF Nos. 14-17 and this court's own docket entries.

The judgment of conviction was filed on April 21, 2009.

Schult filed a direct appeal. The judgment of conviction was affirmed by the Nevada Supreme Court on May 10, 2010. On November 19, 2010, Schult filed a petition for writ of habeas corpus in the state district court. The court entered an order denying relief on December 19, 2013. Schult appealed. On January 15, 2015, the Nevada Supreme Court entered an order affirming the lower court's denial of relief.

Schult initiated this habeas proceeding in July 2015 and, on September 5, 2015, filed the petition now before this court for decision. In screening the petition under Habeas Rule 4, the court concluded that Grounds One, Three, Four, Five, Six and Seven of the petition fail to state a claim for which habeas relief may be granted. ECF No. 7. Pursuant to respondents' motion to dismiss (ECF No. 13), the court dismissed a portion of Ground Two. ECF No. 23.

II. STANDARDS OF REVIEW

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254(d) sets forth the standard of review under AEDPA:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted).

"[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004); *see also Miller-El*, 537 U.S. at 340 ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)."). Because *de novo* review is more favorable to the petitioner, federal courts can deny writs of habeas corpus under § 2254 by engaging in *de novo*

review rather than applying the deferential AEDPA standard. *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

III. DISCUSSION

In the lone remaining claim of his petition, Schult contends that his constitutional rights were violated because the trial court admitted evidence of his confession to the police. In support of the claim, he alleges that the confession was the product of police coercion. He also alleges that, when he made the confession, he was under the influence of a controlled substance and did not understand his *Miranda*[2] rights.

"[T]he determination whether statements obtained during custodial interrogation are admissible against the accused is to be made upon an inquiry into the totality of the circumstances surrounding the interrogation, to ascertain whether the accused in fact knowingly and voluntarily decided to forgo his rights to remain silent and to have the assistance of counsel." *Fare v. Michael C.*, 442 U.S. 707, 724-25 (1979) (citing *Miranda*, 384 U.S. at 475-477). The U.S. Supreme Court has held that "[t]he voluntariness of a waiver of [the privilege against self-incrimination] has always depended on the absence of police overreaching, not on 'free choice' in any broader sense of the word." *Colorado v. Connelly*, 479 U.S. 157, 170 (1986). "[C]oercive police activity is a necessary predicate to the finding that a confession is not voluntary . . .." *Connelly*, 479 U.S. at 167 (internal quotation marks omitted). And, while the mental condition of the defendant may be a significant factor in the "'voluntariness' calculus," that does not mean that "a defendant's mental condition, by itself and apart from its relation to official coercion, should ever dispose of the inquiry into constitutional 'voluntariness.'" *Id*. at 164.

In ruling upon Schult's direct appeal, the Nevada Supreme Court addressed the constitutionality of admitting Schult's confession into evidence as follows:

Schult claims that the district court erred when it ruled his confession

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

4

> voluntary and admitted it into evidence. We disagree. Schult walked into his apartment while officers were searching it, pursuant to a warrant. Surprised, they drew guns on him and handcufied him. He then agreed to speak with investigators in an unmarked patrol car. A detective subsequently advised him of hie rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), which he waived. Schult's handcuffs were removed and he confessed to one instance of sexual assault. Although Schult claims the police used coercive tactics, looking at ths totality of the circumstances, we conclude that his confession was freely and voluntarily given, *see Schneckloth v. Bustamonte*. 412 U.S. 218, 224-27 (1973); *Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005), and the district court did not err in admitting it at trial.

ECF No. 16-11, p. 3.[3]

At the outset of Schult's trial, the court held a hearing under *Jackson v. Denno*, 378 U.S. 368 (1964), with respect to the confession. ECF No. 15-9, p. 194-221. The court heard testimony from Athena Raney, the detective who interrogated Schult.

She testified to the following facts. The Henderson Police Department was executing a search warrant at Schult's residence when Schult unexpectedly arrived home with his teenaged son. Officers responded by pointing their guns at Schult, then handcuffing him. Detective Raney and Detective Pena escorted Schult to an unmarked vehicle and placed him in the front passenger seat, with Raney sitting in the driver's seat and Pena sitting in the back seat. Raney turned on a recorder and read Schult his *Miranda* rights from a card. When asked whether he wanted to answer questions, Schult "didn't say no, but he didn't say yes either, but he continued talking to me." *Id*., p. 202. When Schult indicated that the handcuffs were uncomfortable, they were immediately removed. The interview lasted approximately two hours. Schult was not offered a break, nor did he request one.

After hearing argument from both counsel, the trial judge stated:

> I don't find from the evidence presented at the hearing that there was anything unduly coercive or, I guess the question is that over – that his own will was overborne by the circumstances and the coercive nature of the confinement or of the questions which were put to the defendant. And on that basis I don't find that it's inadmissible as being coerced. . . .

---

[3] References to page numbers for ECF documents are based on ECF pagination.

5

*Id.*, p. 221.  Detective Raney's testimony at trial was consistent with her *Jackson v. Denno* testimony.  ECF No. 15-11, p. 117-185.  In addition, Detective Pena's testimony at trial corroborated Detective Raney's account of the interrogation.  *Id.*, p. 185-193.

Based on the record before this court, the totality of the circumstances surrounding the interrogation show that Schult's waiver of his *Miranda* rights was voluntary, knowing and intelligent.  Schult has not shown that his confession was the product of police coercion.  In addition, his allegations regarding being under the influence of a controlled substance and not understanding his rights are unsubstantiated and were not before the Nevada Supreme Court when it adjudicated his claim on the merits.  *See Pinholster*, 563 U.S. at 181(federal habeas review of a state court proceeding is generally limited to the record that was before the state court).  Accordingly, the Nevada Supreme Court's denial of Schult's challenge to the admissibility of his confession was based on a reasonable determination of the facts and was neither contrary to, nor an unreasonable application of, clearly established federal law, within the meaning of 28 U.S.C. § 2254(d).

Thus, Schult's petition for federal habeas relief shall be denied.

*Certificate of Appealability*

This is a final order adverse to the petitioner.  As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA).  Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA.  *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA

will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

Having reviewed its determinations and rulings in adjudicating Schult's petition, the court declines to issue a certificate of appealability for its resolution of any procedural issues or any of Schult's habeas claims.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (ECF No. 6) is DENIED. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motion for summary judgment (ECF No. 31) is DENIED.

Dated this 13th day of February, 2018.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE